IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00110-MR

| | |
|---|---|
| WILLIAM J. AYERS, | ) |
| Petitioner, | ) |
| vs. | ) |
| JOSHUA CRISP, | )  ORDER |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1].

Petitioner, who is presently incarcerated at the Alexander Correctional Institution, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 that was docketed in this civil action on August 10, 2022. [Doc. 1]. Petitioner did not pay the $5.00 filing fee or apply to proceed in forma pauperis. The Clerk of Court mailed Petitioner a Notice of Deficiency on August 11, 2022, instructing Petitioner to pay the fee or return an in forma pauperis application within 21 days. [Doc. 2]. Petitioner was cautioned that the failure to timely comply "may result in the dismissal of this action without prejudice for failure to prosecute." [Id. at 1].

The Petitioner has not complied with the August 11 Notice of Deficiency, and the time to do so has expired. Instead, he filed two Letters with the Court that do not discuss the filing fee. [Docs. 3, 4].

The Petitioner has failed to pay the filing fee or file an application to proceed in forma pauperis, and the Court is unable to proceed. This case will therefore be dismissed without prejudice.[1] See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED that** this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

The Clerk is also respectfully instructed to mail the Petitioner a blank § 2254 form and a copy of this Order.

---

[1] Moreover, it appears that the Petitioner, who is a state prisoner, may actually be seeking relief pursuant to § 2254 rather than § 2241. The Court will instruct the Clerk to mail him a § 2254 form as a courtesy should he wish to initiate a new civil action.

**IT IS SO ORDERED**.

Signed: September 29, 2022

*Martin Reidinger*
Chief United States District Judge